**UNITED STATES of America,**
**Appellee,**

v.

**Jacob ZEDNER, Defendant–Appellant.**

**Docket No. 01–1172.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2002.

712

Leonard Lato; Susan Corkery, on the brief, Assistant United States Attorneys, for Alan Vinegrad, United States Attorney, E.D.N.Y., Brooklyn, NY, for Appellee.

Edward S. Zas, Legal Aid Society, Federal Defender Division, N.Y., NY, for Defendant–Appellant.

Present LEVAL, CALABRESI, Circuit Judges, and STEIN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Jacob Zedner was arrested in 1996 and charged with attempting to defraud financial institutions, in violation of 18 U.S.C. § 1344, and knowingly possessing counterfeit bonds, in violation of 18 U.S.C. § 472. The government alleges that Zedner approached a number of financial institutions and attempted to open accounts with bo-

gus $10 million "Treasury Bonds" issued by a non-existent "Ministry of Finance of U.S.A." The bonds featured various obvious misspellings. The government asserts that Zedner intended to borrow $300,000 against the bonds. Zedner has, on a number of occasions since his arrest, insisted that the bonds are genuine.

On March 21, 2001, the district court found Zedner incompetent to stand trial. The court ordered Zedner committed to a suitable facility for a period not to exceed four months, for the purpose of determining whether there was a substantial probability that in the foreseeable future he would attain competency. Zedner contends that the district court's Commitment Order should be vacated because: (1) in focusing on Zedner's delusions, to the exclusion of his ability to assist counsel and understand the proceedings against him, the court applied the wrong legal standard in evaluating Zedner's competency; (2) the court erroneously focused on Zedner's prior psychiatric history rather than his mental state at the time of trial; and (3) the court's finding of incompetency contradicts the medical evidence and is therefore clearly erroneous. This Court stayed the district court's Commitment Order pending the outcome of this appeal.

■ A defendant's competence to stand trial is a question of fact entrusted to the discretion of the district court, to be reviewed for clear error. *See United States v. Morrison*, 153 F.3d 34, 46 (2d Cir.1998); *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir.1995). In order to be competent to stand trial, a defendant must possess (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding

---

of the proceedings against him." *Nichols,* 56 F.3d at 410.

The court's finding of incompetency in this case was not clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 168 (2d Cir.2001) (citations omitted); *accord Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). The district court's finding in this case was supported by the expert report submitted to the court by Dr. Sanford Drob, which stated that Zedner was incompetent to stand trial because "he is so severely delusional at the present time that his judgment with respect to his case is completely conditioned, and impaired, by mental illness." Dr. Drob found that Zedner's delusions regarding the authenticity of the bonds at issue in the case and his exalted role in the world financial system "make it impossible [for him] to effectively cooperate with counsel." Dr. Drob did testify at the hearing that Zedner might be competent if he could put his delusions "in the corner" and no longer insist on a legal defense based on those delusions. In the light of the evidence presented, however, it was not clearly erroneous for the district court to conclude that Zedner's delusions would interfere with his ability to assist his counsel to a degree rendering him incompetent to stand trial.

The district court did apply the correct legal standard, finding that Zedner was "suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Also, although the question of competency to stand trial is limited to the defendant's abilities at the time of trial, *see* 18 U.S.C. § 4241(d), the district court did not err in considering Zedner's prior history of delusions in reaching a decision regarding his present competency. *See Nichols,* 56 F.3d at 412 ("[T]he district court may consider psychiatric history in its deliberations.").

We have considered all of appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM the decision of the district court.